**UNITED STATES, Appellee,**

v.

**Ralph Arthur GOODRIDGE, Defendant, Appellant.**

No. 98–1042.

United States Court of Appeals, First Circuit.

Heard Dec. 8, 1998.

Decided Jan. 7, 1999.

Stephen Paul Maidman for appellant.

William M. Welch, II, with whom Donald K. Stern, United States Attorney, was on brief for appellee.

Before BOUDIN, Circuit Judge, GIBSON,* Senior Circuit Judge, and LYNCH, Circuit Judge.

BOUDIN, Circuit Judge.

Ralph Goodridge was tried in June 1997 for the robbery of a bank in West Springfield, Massachusetts, in violation of 18 U.S.C. § 2113(a). Goodridge was also charged with using and carrying a firearm during a crime of violence, *id.* § 924(c), and with being a felon in possession of a firearm, *id.* § 922(g). On June 23, 1997, the jury found Goodridge guilty on all counts. After sentencing, Goodridge filed the present appeal, claiming that the district court committed plain error in allowing certain statements by government counsel during closing arguments to which Goodridge made no objection at the time.

The robbery was committed by two masked men, so no one inside the bank could identify the robbers conclusively. However, Goodridge was seen outside the bank, and a good deal of circumstantial evidence connected Goodridge to the crime. While the evidence was ample to permit a jury to find him guilty beyond a reasonable doubt, it was perhaps not so certain that a serious trial error would have been patently harmless.

---

* Hon. John R. Gibson, of the Eighth Circuit, sitting by designation.

At the start of his closing argument, the prosecutor stated: "Ralph Goodridge is a bank robber. It is who he is. It is what he does." The same statement was repeated part way through the government's closing argument. In neither instance was any objection taken at the time. Defense counsel argued after trial, and asserts again on this appeal, that the government's comments wrongly insinuated to the jury that Goodridge had committed earlier bank robberies, and that the jury may have convicted in part based on the belief that someone who had committed prior bank robberies was more likely to have committed this one.

It would have been improper for the government to imply that it had private knowledge of other bank robberies committed by Goodridge. But the government says that the statement was intended to make a different, legitimate argument. One of the main themes in Goodridge's defense relied upon evidence that he had been unmarked later in the day of the robbery by red dye or tear gas which had been detonated in a concealed package when the robbers were transporting currency stolen from the bank. *Cf. United States v. Brien*, 59 F.3d 274, 275 (1st Cir. 1995).

In response, the government says that the evidence permitted the jury to infer, from other aspects of the robbery, that the robbers were experienced in such crimes (*e.g.*, they used a radio scanner pre-programmed to police frequencies). On this premise, the government argues, and we agree, the government could fairly invite the jury to consider that the robbers might likewise have known about exploding dye packs and have known how to take some precaution—here, wrapping the currency in a pillowcase—to avoid being splattered if and when such a device detonated.

If the prosecutor had put the matter solely in those terms, no objection could have been made. The difficulty arises because the two challenged statements made by the prosecutor could be understood in this way, or as suggesting government knowledge of prior bank robberies by Goodridge, or both. If the government had deliberately intended the jury to draw the second inference, this would weigh heavily in favor of reversal. *See United States v. Taylor*, 54 F.3d 967, 977 (1st Cir.1995). But while the statements in question were likely thought out in advance, we cannot conclude that the prosecutor was deliberately attempting to convey the impermissible inference.

Further, the threat of unfair prejudice is fairly weak. True, the remarks invited the jury to conceive of Goodridge as an experienced bank robber. But that was a permissible inference—based on the evidence in this case—so long as the jury did not also conclude that the government was asserting private knowledge of prior bank robberies. And any implication in the closing argument that the government did have such knowledge is vague and inexplicit.

We conclude that the statements themselves did not constitute plain error requiring the judge to halt and correct them *sua sponte*. The lack of objection, where objection is easily made and is likely to avoid retrial, is a high barrier. *See United States v. Nunez*, 146 F.3d 36, 39 (1st Cir.1998). Goodridge has not scaled it.

*Affirmed.*